UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
BOLD BROADCASTING LLC d/b/a BOLD MEDIA,

                    Plaintiff,

    - against -

NOOGALIGHTS, LLC,

                    Defendant.
-------------------------------------------------------------------------x
NOOGALIGHTS, LLC,

                  Third-Party Plaintiff,

    - against -

WEBCONNEX, LLC d/b/a TICKETSPICE,

                 Third-Party Defendant.
-------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
2:24-cv-1482 (SIL)

**STEVEN I. LOCKE, Magistrate Judge:**

       Presently before the Court is Third-Party Defendant Webconnex, LLC d/b/a TicketSpice's ("TPD" or "Webconnex") motion to dismiss Defendant/Third-Party Plaintiff Noogalights, LLC's ("TPP" or "Noogalights") Third-Party Complaint (the "TPC") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(3). *See* Docket Entry ("DE") [33]. Webconnex moves to dismiss the TPC on the grounds that an agreement between the parties contains a forum selection clause (the "Forum Selection Clause") requiring that this matter be brought in Sacramento County, California and that California law be applied. *See* Memorandum of Law in Support of Motion by Webconnex, LLC to Dismiss Third-Party Complaint by Noogalights, LLC ("TPD Mem."), DE [33-1], at 6-10. Webconnex further argues that

Noogalights fails to allege facts sufficient to satisfy the "amount-in-controversy" requirement necessary for federal diversity jurisdiction and that certain of Noogalights's claims are barred by the economic loss doctrine. *Id*. at 14-16. For the reasons set forth herein, Webconnex's motion to dismiss is granted on the grounds that the Forum Selection Clause requires that this action be brought in Sacramento County, California. Because the Court grants Webconnex's motion based on the Forum Selection Clause, it does not reach the other arguments.

## I.    BACKGROUND

### A.    <u>Facts</u>

#### 1.    *The Parties*

Plaintiff Bold Broadcasting LLC d/b/a Bold Media ("Plaintiff" or "Bold") is a supplier of industrial holiday light display equipment located in New York. TPC ¶ 2. Defendant/TPP Noogalights is located in Tennessee and operates holiday light shows, including the show for which Bold provided its services that forms the basis for the underlying lawsuit. *Id*. at ¶¶ 1, 6. TPD Webconnex is located in California, operates under the name TicketSpice, and provides online ticket purchasing services, including the ticket purchasing services related to the holiday light show relevant to this action. *Id*. at ¶¶ 3, 6. In short, Noogalights operates holiday light shows using Bold's lighting equipment and Webconnex's ticket purchasing services.

#### 2.    *The Relevant Agreements*

On or about September 30, 2023, Noogalights entered into an agreement with Bold (the "Bold Agreement"), pursuant to which Bold agreed to supply Noogalights

with industrial holiday light displays to be used at a holiday light show in Soddy Daisy, Tennessee. *Id.* at ¶ 6. The Bold Agreement required that Noogalights use TicketSpice or another Bold-approved partner for all online ticketing purposes. *Id.* Noogalights had previously used TicketSpice for online ticket sales and opted to "re-engage[] TicketSpice for the 2023 holiday light show." *Id.* According to Noogalights, Webconnex "retains all of Noogalights LLC's customer data in its system." *Id.* As described below, Noogalights's TPC against Webconnex relates to Webconnex's retention and alleged improper dissemination of customer data to non-party entities. *See* TPC ¶¶ 12-17.

In addition to the Bold Agreement, Noogalights also entered a Data Processing Contract with Webconnex (the "Data Agreement") relating to Webconnex's provision of online ticket sales. *Id.* at ¶ 9. The Data Agreement contains a confidentiality provision, which states in relevant part, "confidential information of a party shall mean all confidential or proprietary information and documentation of such party, whether or not marked as such." *Id.* at ¶ 8. The Data Agreement further provides that the "licensee and Webconnex agree to hold the other's Confidential Information in confidence . . . and not to disclose the other's Confidential Information to third parties (except authorized employees and agents having a reasonable need to know) without the disclosing party's express prior written consent." *Id.* In its TPC, Noogalights alleges that Webconnex breached these provisions "when it disclosed Noogalights LLC's proprietary and confidential information to an unauthorized

third-party competitor, Bold Media, without obtaining Noogalights LLC's express prior written consent." *Id.* at ¶ 12.

Although the Data Agreement forms the basis of Noogalights's third-party claims against Webconnex, a separate agreement forms the basis of Webconnex's motion to dismiss.    Namely, when Noogalights registered for an account with Webconnex, which Noogalights was required to do to use TicketSpice's ticket purchasing services, Noogalights agreed to Webconnex's Terms of Use (the "Terms of Use").    *See* Declaration of John Russell in Support of Motion to Dismiss by Third-Party Defendant Webconnex, LLC ("Russell Decl."), DE [33-3] at Ex. 1 § 20.  Relevant here, section 20 of the Terms of Use is titled "Miscellaneous" and contains a provision stating, "It is agreed by the parties hereto that venue of any action arising under this Agreement shall be in Sacramento County, California, and the laws of the State of California (excluding its conflicts of laws rules) shall govern this agreement."  Terms of Use § 20 (the "Forum Selection Clause").

When registering for a Webconnex or TicketSpice account, the user is required to actively affirm that they agree to the Terms of Use.  *See* Declaration of David E. Smith in Support of Noogalights, LLC Opposition to Webconnex, LLC Motion to Dismiss Third-Party Complaint ("Smith Decl."), DE [34-1] at Ex. F; Supplemental Declaration of John Russell in Support of Reply to Motion to Dismiss by Third-Party Defendant Webconnex, LLC ("Russell Supp. Decl."), DE [35-1], at Exs. B-C.  Likewise, each time a user signs in to Webconnex or TicketSpice, the user must again actively affirm that by doing so, the user consents to the Terms of Use.  *See* Russell Supp.

4

Decl. Exs. B-D. Webconnex makes the Terms of Use available to the user by way of a conspicuous blue hyperlink directly below the account entry fields. *Id*.

### B. Procedural Background

By way of a Complaint filed on January 30, 2024 in the Supreme Court of the State of New York, Suffolk County, Bold commenced this action against Noogalights, asserting causes of action for breach of contract and defamation, as well as seeking an award of attorneys' fees. DE [1-1]. On February 27, 2024, Noogalights removed this action from New York State court to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. DE [1].

On May 2, 2024, Noogalights filed its TPC against Webconnex, in which Noogalights asserts causes of action for: (1) breach of contract; (2) tortious interference with contract; (3) deceptive business practices; (4) false advertising; (5) negligent misrepresentation; and (6) negligence. DE [17]. In sum, Noogalights alleges that Webconnex falsely advertised the security of customer information and improperly disclosed such confidential information to third parties, including Bold. TPC ¶¶ 12-17.

On July 29, 2024, Webconnex filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3). DE [33]. Webconnex argues that: (1) the Forum Selection Clause in the Terms of Use requires that this action be brought in Sacramento County, California and that California law be applied; (2) Noogalights's allegations fail to satisfy the amount-in-controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332; and (3) certain of Noogalights's claims are

barred by the economic loss doctrine.  *See* TPD Mem. at 6-17.  For the reasons set forth herein, the Forum Selection Clause requires dismissal of Noogalights's third-party claims, and the Court therefore grants Webconnex's motion to dismiss on this basis.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(3), a court must dismiss a claim if it is brought in an incorrect venue.  Fed. R. Civ. P. 12(b)(3); *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 287 (E.D.N.Y. 2013) (analyzing a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)).  Enforcement of a forum selection clause "is an appropriate basis for a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure."  *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013) (citing *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir. 2011)); *see Molokotos-Liederman v. Molokotos*, No. 23 Civ. 1654, 2023 WL 5977655, at *11 (S.D.N.Y. Sept. 14, 2023) (analyzing motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3)); *Matter of Hapag-Lloyd Aktiengesellschaft*, 573 F. Supp. 3d 934, 956 (S.D.N.Y. 2021) ("Courts in this District . . . have not hesitated to enforce third-party defendants' forum selection clauses and dismiss third-party complaints on that basis.").  In deciding a motion pursuant to Rule 12(b)(3), a court is permitted to consider facts outside the pleadings, including affidavits.  *Zaltz*, 952 F. Supp. 2d at 447.[1]

---

[1] Although Webconnex also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), as set forth herein, because the Court concludes that Noogalights's claims against Webconnex were brought in the incorrect venue in the first instance, the Court declines to address Webconnex's additional bases for dismissal.

## III.   DISCUSSION

Evaluating a motion to dismiss based on a forum selection clause "involves a four-part analysis." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). In the first three parts, "the court considers: '(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., . . . whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *George V. Eatertainment S.A. v. Elmwood Ventures LLC*, No. 22-CV-8047, 2023 WL 2403618, at *3 (S.D.N.Y. Mar. 8, 2023) (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)).  Where these factors are satisfied, the forum selection clause is presumptively enforceable and may only be overcome by "(4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217 (quoting *Phillips*, 494 F.3d at 383-84); *see Rabinowitz v. Kelman*, 75 F.4th 73, 81 (2d Cir. 2023) (identifying the four-part framework in determining whether to dismiss a claim based on a form selection clause).

Forum selection clauses are *prima facie* valid and controlling.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  Therefore, a party challenging a forum selection clause "bears a heavy burden."  *Martinez*, 740 F.3d at 219; *see Longo v. FlightSafety Int'l, Inc.*, 1 F. Supp. 3d 63, 67 (E.D.N.Y. 2014) ("The burden is on the plaintiff, who opted to bring the suit in a forum other than the one required by the

forum-selection clause to make a strong showing in order to overcome the presumption of enforceability.") (internal quotations omitted).  "In all but the most unusual cases . . . , the interest of justice is served by holding parties to their bargain" by enforcing a forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 66, 134 S. Ct. 568, 583 (2013).

Applying these factors, the Court concludes that the Forum Selection Clause is enforceable and that Noogalights was required to bring its claims in Sacramento County, California.  Therefore, Webconnex's motion to dismiss is granted.

## A.   <u>The Forum Selection Clause was Reasonably Communicated</u>

A forum selection clause is reasonably communicated "if it is written in 'clear and unambiguous language" in standard font and is included in the main body of the contract." *Fifth App, LLC v. Alpha Modus Ventures, LLC*, No. 22-CV-6607, 2024 WL 4145225, at *4 (E.D.N.Y. Aug. 29, 2024) (quoting *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d 597, 604 (E.D.N.Y. 2011)); *see Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 444 (S.D.N.Y. 2022) (holding that a forum selection clause was reasonably communicated where it appeared in the main body of the agreement and stated the forum selection in clear and unambiguous language).

Here, the Terms of Use, including the Forum Selection Clause contained therein, were reasonably communicated to Noogalights.  When Noogalights created its account with Webconnex, in order to use TicketSpice, Noogalights was required to enter an email address and password.  *See* Smith Decl. Ex. F; Russell Decl. Ex. 1; Russell Supp. Decl. Exs. B-D.  Directly below these entry fields on the registration page, a notification states, "By signing up, you agree to our Terms of Use and Privacy

8

Policy." *Id.* The notification is conspicuous, in reasonable sized font, and the phrases "Terms of Use" and "Privacy Policy" both appear as blue hyperlinks, making them readily apparent to the user. *Id.* Likewise, after creating an account, when signing in to TicketSpice or Webconnex, the user is again presented with the same conspicuous notification and a blue hyperlink to the Terms of Service and Privacy Policy. *See* Russell Suppl. Decl. Exs. C, D.

By providing this notice and giving Noogalights the opportunity to click on and review Webconnex's Terms of Use, Webconnex reasonably communicated the Terms of Use, including the Forum Selection Clause, to Noogalights. *See Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 841 (S.D.N.Y. 2012) (holding that the terms of an agreement were reasonably communicated where a user was instructed to click a link, but not required to do so, in order to create an account); *see 5381 Partners LLC v. Shareasale.com, Inc.*, No. 12-CV-4263, 2013 WL 5328324, at *7 (E.D.N.Y. Sept. 23, 2013) (holding that terms were reasonably communicated where the defendant's reference to its user agreement appeared "adjacent to the [account] activation button"); *Zurich Ins. Co. v. Prime, Inc.*, 419 F. Supp. 2d 384, 387 (S.D.N.Y. 2005) ("Because no showing has been made that the forum selection clause at issue here is either unfair or unreasonable, the Court will enforce the forum selection clause and dismisses the third-party complaint for improper venue.").

Noogalights argues that the Terms of Use were not reasonably communicated because they were not sufficiently conspicuous, including that the hyperlink containing the Terms of Use was not in bold or all caps, that the hyperlink was not

accessible from multiple locations on the webpage, and that Noogalights was not **_required_** to click on the hyperlink or affirmatively click "I accept" or "I agree" to create its account. *See* Memorandum of Law in Opposition to Webconnex, LLC Motion to Dismiss Noogalights, LLC Third-Party Complaint ("TPP Opp'n"), DE [34], at 9-11. Noogalights's assertion that the Forum Selection Clause was not sufficiently conspicuous is unavailing, as other courts have held that forum selection clauses presented in a similar manner were sufficient to provide reasonable notice. *See, e.g.*, *Meerovich v. Big Apple Inst. Inc.*, No. 22-CV-7625, 2024 WL 1308603, at *6 (E.D.N.Y. Mar. 27, 2024) (holding that a forum selection clause was sufficiently conspicuous even where it appeared on the penultimate page of the agreement without capitalization); *see also Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) (holding that a forum selection clause that appeared in fine print was reasonably communicated to the plaintiff); *Speedfit LLC*, 642 F. Supp. 3d at 444 (holding that a forum selection clause listed in the twentieth paragraph titled "governing law" was reasonably communicated to the plaintiff).

Accordingly, the Forum Selection Clause in this action was reasonably communicated to Noogalights.

### B.     The Forum Selection Clause is Mandatory

Here, the Forum Selection Clause states that the "venue of any action arising under this Agreement **_shall_** be in Sacramento County, California." *See* Terms of Use § 20 (emphasis added). Courts routinely hold that similar language satisfies the second prong of the *Phillips* analysis. *See, e.g.*, *LVAR, L.P. v. Bermuda Commercial Bank Ltd.*, 649 F. App'x 25, 27 (2d Cir. 2016) ("We conclude that, in this context, the

word 'shall' renders the clause mandatory."); *Carlisle v. Bd. of Trs. of Am. Fed'n of N.Y. State Teamsters Conference Pension and Ret. Fund*, No. 20-CV-8793, 2021 WL 1512702, at *4 (S.D.N.Y. Apr. 16, 2021) ("Use of a term like 'shall' will typically render a forum-selection clause mandatory."); *TecFolks LLC v. Claimtek Sys.*, 906 F. Supp. 2d 173, 177 (E.D.N.Y. 2012) (holding that a forum selection clause that provided that "the forum and place of any dispute and resolution of any dispute, relating to or arising out of this contract, shall be in the State of California" was mandatory, not permissive).

In its opposition, Noogalights does not plausibly dispute that the language is mandatory, and instead reiterates its prior argument, asserting that "these words have no force or effect because Prong 1 of the *Phillips* four-step test was not met." TPP Opp'n at 12. Having rejected this argument, the Court concludes that the second factor also weighs in favor of enforceability.

## C. **Noogalights's Claims are Subject to the Forum Selection Clause**

In evaluating the third prong of the *Phillips* standard, courts consider "whether the claims and parties involved in the suit are subject to the forum selection clause." 494 F.3d at 383. "The Second Circuit has held consistently that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses." *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 378 (S.D.N.Y. 2010) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1991)).

Here, the claims Noogalights asserts against Webconnex are subject to the Forum Selection Clause. In the TPC, Noogalights asserts causes of action for: (1) breach of contract; (2) tortious interference with contract; (3) deceptive business practices; (4) false advertising; (5) negligent misrepresentation; and (6) negligence. DE [17]. The Forum Selection Clause explicitly states that it applies to ***any*** action arising under the Terms of Use between Noogalights and Webconnex. *See* Terms of Use § 20. Courts have found similar language sufficient to satisfy the third prong of the *Phillips* analysis. *See, e.g.*, *Shakiri v. Kohl's Inc.*, No. 21-CV-3575, 2024 WL 3675898, at *1 (E.D.N.Y. Aug. 6, 2024) (holding that a clause that "expressly governs 'any disputes' between the parties" was subject to a forum selection clause); *Wiest Int'l GMBH v. Zobel*, No. 17-CV-6722, 2018 WL 736010, at *4 (E.D.N.Y. Feb. 6, 2018) (enforcing forum selection clause that applied to "any disputes that may arise"); *Giordano v. UBS, AG*, 134 F. Supp. 3d 697, 704 (S.D.N.Y. 2015) (dismissing a complaint where a forum selection clause governed "any disputes arising out of the account relationship").

Therefore, the Forum Selection Clause satisfies the third prong of the *Phillips* analysis and supports a finding that it is enforceable.

### D.    Enforcement of the Forum Selection Clause is Reasonable

Having determined that the Forum Selection Clause satisfies the first three prongs of the *Phillips* analysis, the Court must determine whether enforcement of the Forum Selection Clause here would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching. *See Phillips*, 494 F.3d at 383; *Jones v. Ponant USA LLC*, No. 19 Civ. 3041, 2020 WL 2489076, at *4 (S.D.N.Y. May

14, 2020) ("If a forum-selection clause is valid, then the only remaining inquiry is whether certain public interest considerations outweigh its enforcement."). The party seeking to overcome a presumption of enforceability must make a "sufficiently strong showing" that a forum selection clause should not be enforced. *Lavazza Premium Coffees Corp. v. Prime Line Distribs. Inc.*, 575 F. Supp. 3d 445, 459 (S.D.N.Y. 2021).

The Court concludes that the Forum Selection Clause is neither unjust, overreaching, nor otherwise unfair. Noogalights agreed to the Forum Selection Clause when it registered for an account and proceeded to operate its account for several years thereafter. *See* Russell Supp. Decl. Exs. B-C. In opposing Webconnex's motion to dismiss, Noogalights argues that it would be unfair to require Noogalights to defend itself against Bold's claims in this Court while pursuing its third-party claims against Webconnex in California. *See* TPP Opp'n at 13. While this argument may have some surface appeal, courts regularly enforce forum selection clauses even where the result is that third-party claims are required to be brought in a different venue. *See, e.g.*, *Amto, LLC v. Bedford Asset Mgmt., LLC*, 168 F. Supp. 3d 556, 571-72 (S.D.N.Y. 2016) (enforcing forum selection clause with respect to third-party claims and dismissing those claims); *LPR, SRL v. Challenger Overseas, LLC*, No. 99 Civ. 8883, 2000 WL 973748, at *5 (S.D.N.Y. July 13, 2000) (dismissing third-party complaint based on forum selection clause); *Price v. Kohn, Swift & Graf, P.C.*, No. 24-CV-4720, 2024 WL 4528928, at *4 (E.D.N.Y. Oct. 18, 2024) (enforcing a forum selection clause where neither party was located in the state in which the action was brought).

Finally, to the extent that Noogalights argues that it did not have the opportunity to negotiate or affirmatively agree to the Forum Selection Clause, "courts have routinely upheld forum selection clauses that were not the product of an arms-length negotiation." *5381 Partners LLC*, 2013 WL 5328324, at *9; *see Brodsky v. Match.com LLC*, No. 09 Civ. 5328, 2009 WL 3490277, at *3 (S.D.N.Y. Oct. 28, 2009) ("[A] forum selection clause is not unenforceable even if it appears in a contract of adhesion, including so-called 'click wrap' contracts . . . .") (internal citation omitted).

Based upon the foregoing, the Forum Selection Clause was reasonably communicated to Noogalights, is mandatory, encompasses the parties and claims asserted in the TPC, and is neither unjust nor unreasonable.  Accordingly, the Forum Selection Clause is valid and enforceable and requires that Noogalights's claims against Webconnex be brought in Sacramento County, California.  On this basis, TPD Webconnex's motion to dismiss is granted.

### E.    Remaining Arguments

Having concluded that the Forum Selection Clause is enforceable and requires that the causes of action asserted in the TPC be brought in Sacramento County, California, the Court declines to address the remaining arguments in Webconnex's motion to dismiss.  *See, e.g.*, *Global Seafood, Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 n.2 (2d Cir. 2011) ("[I]t makes sense to address first the forum selection clause in order to determine the appropriate venue for hearing the parties' dispute . . . .").

## V.    CONCLUSION

For the reasons set forth herein, Third-Party Defendant Webconnex, LLC's motion to dismiss Defendant/Third-Party Plaintiff Noogalights, LLC's is granted. The Clerk of the Court is respectfully directed to close this matter with respect to Webconnex, LLC.

Dated:    Central Islip, New York          **SO ORDERED**
          October 22, 2024

                                           s/ Steven I. Locke
                                           STEVEN I. LOCKE
                                           United States Magistrate Judge