UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BOLD BROADCASTING LLC d/b/a BOLD MEDIA,

                Plaintiff,                    **ORDER**
- against -                                             2:24-CV-1482 (SIL)

NOOGALIGHTS, LLC,

                Defendant.
------------------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

        Defendant Noogalights, LLC ("Defendant" or "Noogalights") seeks to amend its Answer to assert additional counterclaims against Plaintiff Bold Broadcasting LLC d/b/a Bold Media ("Plaintiff" or "Bold") and assert a third-party claim against Bold's CEO, Matthew Glaser ("Glaser"). *See* Docket Entry ("DE") [53]. In its Answer, Defendant asserts counterclaims for: (1) breach of contract; (2) breach of the implied warranty of merchantability; (3) failure to warn under a products liability theory of liability; (4) false advertising; (5) negligent misrepresentation; (6) deceptive business practice under N.Y. Gen. Bus. Law § 349; and (7) declaratory judgment. DE [14]. Noogalights now seeks to assert additional counterclaims against Bold for: (1) tortious interference with contract; (2) negligent infliction of emotional distress; (3) negligence; and (4) fraud. DE [53]. Noogalights also seeks to assert a third-party claim for fraud against Glaser. *Id.*

        Plaintiff submitted a perfunctory, one page opposition to Defendant's motion. *See* DE [54]. Bold does not address the substance of any of the proposed counterclaims, and instead asserts that allowing Defendant to assert its proposed

1

counterclaims would "hijack [the] current discovery schedule," including "need[ing] to serve new demands and wait for responses resulting in a delay of depositions." *Id.* Bold also argues that Glaser is not subject to personal jurisdiction in New York. *Id.*

Fed. R. Civ. P. 15 provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is well-established that "leave to amend a [pleading] need not be granted when amendment would be futile." *Advanced Water Techs., Inc. v. Amiad U.S.A., Inc.*, 457 F. Supp. 3d 313, 317 (S.D.N.Y. 2020) (quoting *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)). The decision of whether to grant leave to amend "is firmly within the discretion of the district court." *Weitz v. Wagner*, No. 07-CV-1106(ERK)(ETB), 2008 WL 5605669, at *2 (E.D.N.Y. July 24, 2008).

As Plaintiff does not substantively oppose Defendant's motion, the motion is granted with respect to the proposed counterclaims for tortious interference with contract, negligence, and fraud. The motion is denied with respect to Plaintiff's proposed counterclaim for negligent infliction of emotional distress, as courts in this Circuit have held that "a corporation cannot suffer emotional distress." *Akhtar v. Aggarwala*, No. 23-CV-6585(JGLC)(VF), 2024 WL 3862504, at *11 n.12 (S.D.N.Y. June 5, 2024) (Report and Recommendation), *adopted by* 2024 WL 3862673 (S.D.N.Y. Aug. 19, 2024); *see Creative Constr. Servs. Corp. v. Dist. Council of New York City & Vicinity of United B'hood of Carpenters and Joiners*, No. 14 Civ. 7629(AKH), 2015 WL

14075010, at *2 (S.D.N.Y. Jan. 23, 2015) ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress.").

The motion is also denied with respect to Defendant's proposed third-party claim against Glaser.  The proposed Amended Answer, DE [53-1], does not actually include a third-party claim and makes no reference to Glaser whatsoever.  To the extent Defendant asserts in its motion that it "appears that Mathew [*sic*] Glaser committed fraud," DE [53] at 2, Noogalights does not allege any facts regarding Glaser's alleged fraudulent conduct, and there are no facts alleged that support holding him personally liable.  *See Liberty Highrise Pvt. Ltd. v. Praxis Energy Agents DMCC*, 632 F. Supp. 3d 562, 570-71 (S.D.N.Y. 2022) (discussing piercing the corporate veil for purposes of holding individuals liable for fraud); *Flanagan as Tr. of Gen. Bldg. Laborers' Loc. 66 Vacation Fund v. T.R. Whitney Inc.*, No. 19-CV-415(JS)(AKT), 2020 WL 7000848, at *6 (E.D.N.Y. Aug. 26, 2020) (internal quotation omitted) ("To plead individual liability on the basis of fraud, a plaintiff must sufficiently allege that the individual is a controlling corporate official, along with the elements of common law fraud.").  In the absence of a single allegation regarding Glaser, Defendant's motion to assert a third-party claim against him is denied as futile.  *See Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936(AMD)(JRC), 2023 WL 2163774, at *7 (E.D.N.Y. Feb. 22, 2023) (denying motion to amend as futile).

Based upon the foregoing, Defendant's motion, DE [53], is granted insofar as it may file an Amended Answer asserting counterclaims against Plaintiff for tortious interference with contract, negligence, and fraud.  The motion is denied insofar as

Defendant seeks to assert a counterclaim for negligent infliction of emotional distress against Plaintiff and a third-party claim against Glaser.  Defendant is instructed to file its Amended Answer by December 31, 2024.  Plaintiff's motion to extend the deadline to complete discovery, DE [56], is granted over Defendant's objection, *see* DE [57].  A further status conference has been scheduled for January 8, 2025 at 10:45 a.m. in Courtroom 820 of the Central Islip courthouse, at which time remaining discovery deadlines will be set.  The parties are encouraged to serve further demands as necessary and proceed with discovery prior to this conference.

Dated:   Central Islip, New York           **SO ORDERED**
         December 18, 2024

                                           s/ Steven I. Locke
                                           STEVEN I. LOCKE
                                           United States Magistrate Judge

4