UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BOLD BROADCASTING LLC d/b/a BOLD MEDIA,

                          Plaintiff,

- against -

NOOGALIGHTS, LLC,

                          Defendant.
----------------------------------------------------------------------X

**ORDER**
24-CV-1482 (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Two issues are presently before the Court in this breach of contract action. First, at a January 8, 2025 status conference, the Court instructed the parties to submit briefing addressing the location and manner of depositions, *see* Docket Entry ("DE") [62], which both parties did. *See* DE [69], [73]. Second, on February 12, 2025, Plaintiff Bold Broadcasting LLC d/b/a Bold Media ("Plaintiff" or "Bold") filed a motion for leave to amend its Complaint to add additional allegations regarding damages, *see* DE [75], which Defendant Noogalights LLC ("Defendant" or "Noogalights") opposes. *See* DE [77]. Depositions will proceed as described below and Plaintiff's motion for leave to amend the Complaint is granted.

**I.     Deposition Locations**

Bold is a limited liability company with its principal place of business in Hauppauge, New York. *See* Complaint, DE [1-1], at ¶ 1. Noogalights is a limited liability company with its principal place of business in Soddy Daisy, Tennessee. *Id.* at ¶ 2. The parties disagree about the appropriate manner and location of depositions.

1

Plaintiff argues that depositions of: (1) Bold's corporate representative and fact witnesses, as well as Defendant's corporate representative, should take place in Suffolk County, New York; (2) Noogalights' fact witnesses should take place in Tennessee – either in person or via Zoom at Plaintiff's discretion; and (3) expert witnesses should take place at a deposition center in the Eastern District of Tennessee. DE [69]. Bold objects to defense counsel being present in the room with Defendant's witnesses if conducted via video conference and requests that "no other person [be] in the room with the witness except for a court stenographer or representative of the deposition center when needed." *Id.* Bold offers no basis for excluding counsel.

Defendant argues that depositions of: (1) Bold's corporate representative and fact witnesses should take place in Brooklyn, New York, where Plaintiff's counsel has an office, and not Suffolk County; (2) Defendant's corporate representative and fact witnesses should be conducted in person in Tennessee; and (3) expert witnesses should take place within 100 miles of the expert's residence or place of business. DE [73]. Noogalights "objects to any depositions being conducted by Zoom" and requests that its witnesses "be afforded the right to have Counsel physically present in the room during the course of depositions." *Id.*

"As a general rule, 'the party noticing the deposition usually has the right to choose the location.'" *Trs. of Loc. 813 Ins. Tr. Fund v. Indus. Recycling Sys., Inc.*, No. 12-CV-1522(NG)(RLM), 2013 WL 6178579, at *1 (E.D.N.Y. Nov. 25, 2013) (quoting *Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation

omitted); *see* Fed. R. Civ. P. 30(b)(1) (requiring that a notice of deposition "state the time and place of the deposition"). When the parties cannot agree on a location, "courts retain substantial discretion to designate the site of a deposition." *Viera v. United States*, No. 18-CV-9270(KHP), 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019); *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. 14-CV-5175(DRH)(AKT), 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016) ("[T]he Court has the discretion to designate the location for depositions."). In designating a deposition site, "courts apply Federal Rule of [Civil] Procedure 26(c)'s 'good cause' standard in their analysis, considering cost, convenience, and litigation efficiency." *Viera*, 2019 WL 6683556, at *2; *see Sabhnani v. Mirage Brands, LLC*, No. 22-CV-936(JS)(JMW), 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) ("[U]nder Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place.").

Applying these standards, depositions of Plaintiff's corporate representative and fact witnesses will take place in Suffolk County, New York; depositions of Defendant's corporate representative and fact witnesses will take place at Defendant's headquarters in Soddy Daisy, Tennessee; and depositions of expert witnesses will take place at a deposition center within 100 miles of the expert's residence or place of business.[1] *See Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (E.D.N.Y. 2011) ("The usual rule in federal litigation is that in

---

[1] Plaintiff does not propose a specific location in Suffolk County for depositions to take place. The parties and their counsel may agree upon a specific location for in person depositions between themselves.

3

the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. . . . This rule applies with equal force to 30(b)(6) witnesses.") (internal alterations omitted); *Normande v. Grippo*, No. 01 Civ. 7441(JSR)(THK), 2002 WL 59427, at *1-2 (S.D.N.Y. Jan. 16, 2002) ("[C]ourts must strive to achieve a balance between claims of prejudice and those of hardship.").

To promote efficiency and minimize costs, the attorney conducting the deposition may choose whether to conduct each deposition in person or via video conference such as Zoom. Although witnesses may ultimately be required to travel to New York for a trial in this action, it is neither efficient nor cost effective to also require that they travel to New York to sit for a deposition, particularly when the deposition may be conducted via video conference. To this end, conducting the deposition of Noogalights' corporate representative at its headquarters, where relevant company documents are likely to be located, will further promote the efficiency and convenience concerns. *See Leser v. U.S. Bank Nat'l Ass'n*, No. 09-CV-2362(KAM)(ALC), 2010 WL 11626825, at *3 (E.D.N.Y. Feb. 19, 2010) ("Presumably the parties would have more ready access to any corporate documents upon which the depositions will be based if the depositions are held at the corporate representative's place of business."). Moreover, while the forum selection clause in the parties' agreement requires that an action arising out of the agreement be commenced in Suffolk County, it does not mandate that a deposition of Defendant's corporate representative take place there and the other factors described herein support conducting the deposition at Defendant's corporate headquarters. Finally,

4

Plaintiff fails to cite support for its request to preclude legal representation from being present at the depositions. Accordingly, an attorney may be present with the deponent, provided that, if conducted via video conference the attorney remains visible on screen.

## II. Motion to Amend Complaint

Plaintiff also seeks leave to file an amended complaint. DE [75]. In its Proposed Amended Complaint ("PAC"), Bold removes any reference to Noogalights' Managing Member, John Haustein, withdraws its defamation claim against Haustein, and revises the damages it seeks for its breach of contract claim from $65,000 to $155,000 based on the passage of time and alleged continuation of accruing damages since filing the original Complaint.[2] *See* PAC ¶¶ 13-16. Noogalights opposes on the grounds that Defendant did not file its motion to amend by the Court-set deadline of October 31, 2024. DE [77] at 1. It further argues that "[a]n Amended Complaint would require the Defendant to serve additional discovery" and would "unfairly prejudice[] Defendant because Plaintiff would not be held to the same schedule observed by Defendant." DE [77] at 1. The motion for leave to amend, DE [75], is granted.

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied "if there is delay, bad faith,

---

[2] Plaintiff asserts that it only seeks to amend the *ad damnum* clause. DE [75] at 3. The Court observes that the body of the PAC contains additional paragraphs regarding damages, but that they are consistent with the proposed amendment to the *ad damnum* clause. *See* PAC ¶¶ 13-16.

futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *see Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) ("Where, as here a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (internal quotations and citations omitted). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-CV-5682(JS)(AKT), 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

Applying these standards, the motion for leave to amend is granted. Initially, insofar as Defendant claims that the motion is untimely, *see* DE [77] at 1, the Court may, in its discretion, modify its own scheduling orders. *See Soley v. Cnty. of Nassau*, No. 18-CV-377(ARR)(SJB), 2021 WL 1554834, at *4 (E.D.N.Y. Apr. 20, 2021) ("The decision to modify a scheduling order is addressed to the sound discretion of the district court."); *PNC Bank, N.A. v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 375 (S.D.N.Y. 2014) ("Rule 16(b) 'provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either

6

side."') (quoting *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007)).  The Court exercises that discretion here.

The Court rejects Defendant's prejudice argument.  To the contrary, the PAC withdraws a cause of action and removes any reference to Haustein.  DE [75].  Moreover, the PAC merely amends the amount of damages that Bold seeks to recover.  It does not present a new theory of liability or novel category of damages.  Instead, the PAC simply accounts for the passage of time since the alleged harm.  Noogalights will have the opportunity to dispute the propriety of any such damages, which Plaintiff will still be required to prove.  Therefore, the proposed amendments to the Complaint are neither prejudicial nor futile.  *See, e.g.*, *Shochat v. Weisz*, 757 F. Supp. 189, 196 (E.D.N.Y. 1991) ("Not having demonstrated any possible prejudice, the plaintiff's motion for leave to increase the amount alleged in the *ad damnum* clause is granted."); *Greenspon v. Supermarkets Gen. Corp.*, 744 F. Supp. 77, 78 (S.D.N.Y. 1990) (granting motion to amend complaint to increase *ad damnum* related to actual damages of which the defendant was aware); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976) ("A party may [not] . . . successfully oppose the amendment of an *ad damnum* clause on the ground that it will place him at peril of an increased liability.").  Accordingly, Plaintiff's motion for leave to file an Amended Complaint is granted.

### III. Conclusion

For the reasons set forth herein, depositions of Plaintiff's corporate representative and fact witnesses will take place in Suffolk County, New York;

depositions of Defendant's corporate representative and fact witnesses will take place at Defendant's headquarters in Soddy Daisy, Tennessee; and depositions of expert witnesses will take place at a deposition center within 100 miles of the expert's residence or place of business.  The attorney conducting the deposition may choose whether to conduct the deposition in person or via electronic means, such as Zoom.  If the deposition takes place in person, the attorney defending the deposition may be present in the room.  If the deposition is conducted remotely, the attorney defending the deposition may be in the room and must be visible on camera.

Plaintiff's motion for leave to file its proposed Amended Complaint, DE [75], is granted.  Plaintiff is instructed to file the Amended Complaint on the Court's docket by April 8, 2025.

Dated:    Central Islip, New York            **SO ORDERED**
          April 3, 2025

                                              /s/ Steven I. Locke
                                              STEVEN I. LOCKE
                                              United States Magistrate Judge