UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BOLD BROADCASTING LLC d/b/a BOLD MEDIA,

                            Plaintiff,                    **MEMORANDUM AND**
   - against -                               **ORDER**
                                                24-CV-1482(SIL)
NOOGALIGHTS, LLC,

                            Defendant.
-------------------------------------------------------------------------X
NOOGALIGHTS, LLC,

                            Third-Party Plaintiff,

     - against -

MATTHEW GLASER,

                            Third-Party Defendant.
-------------------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court is Third-Party Defendant Matthew Glaser's ("Glaser") motion to dismiss Defendant/Third-Party Plaintiff Noogalights, LLC's ("Noogalights") Third-Party Complaint (the "TPC"), Docket Entry ("DE") [65], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for failure to state a claim.  DE [78].  Noogalights opposes the motion.  DE [79].  For the reasons set forth herein, Glaser's motion to dismiss is denied.

1

## I.    BACKGROUND

### A.    Facts[1]

#### 1.    The Parties and Underlying Action

The underlying action between Plaintiff Bold Broadcasting LLC d/b/a Bold Media ("Plaintiff" or "Bold") and Noogalights arises out of Bold's provision of a "holiday light display." *See generally* Complaint ("Compl."), DE [1-1]; TPC ¶ 7. Bold is a supplier of industrial holiday light display equipment located in New York. TPC ¶¶ 3, 7. Noogalights is located in Tennessee and operates holiday light shows, including the show for which Bold provided its services that forms the basis for the underlying lawsuit. *Id.* at ¶¶ 1, 7; Compl. ¶¶ 3, 5. Pursuant to a September 30, 2023 agreement between Noogalights and Bold (the "Agreement"), Bold agreed to supply Noogalights with light displays to be used at a holiday light show in Soddy Daisy, Tennessee. Compl. ¶ 5; TPC ¶ 7. Plaintiff alleges that Defendant breached the agreement "wherein [Bold] agreed to install and operate a holiday light display for the 2023 holiday season . . . ." Compl. ¶ 5. According to Plaintiff, Noogalights "failed to pay the contracted sum of $35,000.00 or the sum of $30,000.00 for ticket sales by January 1, 2024" and were in default of the Agreement at the time Bold commenced this action. *Id.* at ¶¶ 10-15.

In its Amended Answer to the Complaint, Noogalights asserts counterclaims against Bold, alleging, *inter alia*, that Bold "breached the contract by supplying life-

---

[1] Unless otherwise stated, the facts are drawn from the TPC, DE [65], and are accepted as true for purposes of this motion. *Trade Pay LLC v. Horowitz*, No. 21-CV-442(ENV)(ARL), 2023 WL 12030712, at *1 n.1 (E.D.N.Y. Oct. 5, 2023) ("Because the instant motion is a motion to dismiss, all facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor.").

threatening, incomplete, and broken equipment . . . ." *See* Noogalights's Counterclaim ("Def.'s Counterclm."), DE [59], ¶ 3. According to Noogalights, the lights were "dangerous and defective." *Id.* at ¶ 39. In the instant third-party action, Noogalights makes similar allegations against Glaser, Bold's President and CEO, individually. TPC ¶¶ 36-76. Noogalights alleges that Glaser "controlled and was responsible for the day-to-day operations and business decisions of Bold Media, including the decisions to induce Noogalights into the subject contract . . . ." *Id.* at ¶ 4. Noogalights further claims that Glaser "was the primary agent and/or actor" of the underlying tortious conduct. *Id.* at ¶ 6.

## B.    **Procedural Background**

By way of a Complaint filed on January 30, 2024 in the Supreme Court of the State of New York, Suffolk County (the "State Court Action"), Bold commenced this action against Noogalights and its managing director, John Haustein, asserting causes of action for breach of contract and defamation,[2] as well as seeking an award of attorneys' fees. DE [1-1]. On February 27, 2024, Noogalights removed the State Court Action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. DE [1].

On December 31, 2024, Noogalights filed its Amended Answer with counterclaims against Bold, including: (1) breach of contract; (2) breach of the implied warranty of merchantability; (3) products liability for failure to warn; (4) false

---

[2] The cause of action for defamation was subsequently voluntarily dismissed, as was John Haustein as a Defendant. DE [7], [12], [17].

advertising pursuant to N.Y. General Business Law ("G.B.L.") § 350-A; (5) negligent misrepresentation; (6) deceptive business practices pursuant to N.Y. G.B.L. § 349; (7) tortious interference with contract; (8) negligence; (9) fraud; and (10) declaratory judgment. *See generally* Am. Ans. On January 20, 2025, Noogalights filed the TPC against Glaser, DE [65], asserting causes of action for: (1) false advertising pursuant to N.Y. G.B.L. § 350; (2) negligent misrepresentation; (3) deceptive business practices pursuant to N.Y. G.B.L. § 349; (4) tortious interference with contract; (5) negligence; (6) products liability for failure to warn; and (7) fraud. TPC ¶¶ 39-76. Thus, each cause of action in the TPC against Glaser is also asserted as a counterclaim against Bold.

On March 18, 2025, Glaser filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). DE [78]. Glaser claims that "the Third-Party Complaint is . . . an attempt by Noogalights to pierce the 'corporate veil' of Bold Media so as to impose liability on Glaser personally." *See* Memorandum of Law of Matthew Glaser in Support of Motion to Dismiss ("Glaser Mem."), DE [78], at 4-5. According to Glaser, Noogalights fails to allege that he "exercised complete domination over Bold Media, or that he abused Bold Media's corporate form to perpetrate a wrong, injustice, or fraud against Noogalights." *Id.* at 10. Noogalights counters that "[t]he claim against Matthew Glaser rests on his participation in tortious acts, a basis for liability independent of corporate veil-piercing." *See* Noogalights Memorandum of Law in Opposition to Motion ("Noogalights's Opp'n"), DE [79], at 7. Noogalights further asserts that the TPC "details Glaser's direct participation in providing defective

4

equipment, misrepresenting the equipment's condition, and interfering with Noogalights' [*sic*] contract . . . ." *Id.* For the reasons set forth herein, Glaser's motion to dismiss the TPC is denied.

## II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1941 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "[T]he standard for a motion to dismiss a complaint, counterclaim, and third-party complaint is the same . . . ." *Restellini v. Wildenstein Plattner Inst., Inc.*, No. 20 Civ. 4388(AT), 2021 WL 4340824, at *2 (S.D.N.Y. June 12, 2023). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. In deciding a motion to dismiss, "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

## III.   DISCUSSION

In his initial moving papers, Glaser does not address the merits of Noogalights's causes of action. Instead, he argues that there is no basis to pierce the corporate veil and hold Glaser personally liable. *See* Glaser Mem. at 6-12. In his reply, however, Glaser addresses, for the first time, the merits of Noogalights's claims

5

against him, arguing that they are inadequately pled.  *See* Reply in Further Support of Motion to Dismiss ("Glaser Reply Mem."), DE [80], at 8-15.  These arguments are not properly before the Court, as "[i]t is well-established that '[a]rguments may not be made for the first time in a reply brief.'"  *Alford v. City of New York*, 413 F. Supp. 3d 99, 108 (E.D.N.Y. 2018) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)); *see Colon v. City of New York,* No. 11-CV-173(MKB), 2014 WL 1338730, at *9 (E.D.N.Y. Apr. 2, 2014) ("The Second Circuit has clearly stated that arguments raised for the first time in reply papers or thereafter are properly ignored.") (citing *Watson v. Geithner*, 355 F. App'x 482, 483 (2d Cir. 2009)).  Accordingly, the Court does not address the merits of each cause of action that Noogalights asserts against Glaser and, instead, considers only Glaser's individual liability as a corporate officer.

Glaser argues that the claims against him must be dismissed because Noogalights improperly seeks to pierce the corporate veil.  *See* Glaser Mem. at 6-12. A plaintiff seeking to pierce the corporate veil must allege "(1) the owners of the corporation exercised complete dominion over the corporation with respect to the transaction at issue, and (2) the domination was used to commit a fraud or wrong that injured the party seeking veil piercing."  *Zimnicki v. Krysiak Constr. Corp.*, No. 21-CV-4634(RPK)(JRC), 2023 WL 7000849, at *8 (E.D.N.Y. Aug. 29, 2023) (quoting *Dafeng Hengwei Textile Co. v. Liu*, 720 F. App'x 83, 84 (2d Cir. 2018)).  Determining whether to pierce the corporate veil is a fact-intensive inquiry.  *Paguirigan v. Prompt Nursing Emp. Agency LLC*, 286 F. Supp. 3d 430, 441 (E.D.N.Y. 2017).  "A complaint seeking to pierce the corporate veil should not be resolved on a motion to dismiss

6

unless it 'is totally devoid of solid, nonconclusory allegations.'" *Saidnia v. Nimbus Mining LLC*, No. 21-CV-7792(VSB), 2023 WL 7005037, at *7 (S.D.N.Y. Oct. 24, 2023) (quoting *Robles v. Copstat Sec., Inc.*, No. 08 Civ. 9572(SAS), 2009 WL 4403188, at *2 (S.D.N.Y. Dec. 2, 2009)).

Even where corporate veil piercing is inapplicable, however, under New York law, corporate officers may be subject to individual liability for (1) "participat[ion] in the commission of a tort," or (2) where the corporation is the mere alter ego of the owner or executives. *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 407 (E.D.N.Y. 2018) (quoting *FLB, LLC v. Cellco P'ship*, 536 F. App'x 132, 133 (2d Cir. 2013)); *see Bano v. Union Carbide Corp.*, 273 F.3d 120, 133 (2d Cir. 2001) ("Under New York law, 'a corporate officer who commits or participates in a tort, even if it is in the course of his duties on behalf of the corporation, may be held individually liable.'") (quoting *Lopresti v. Terwilliger*, 126 F.3d 34, 42 (2d Cir. 1997)); *N.Y.C. St. Tree Consortium, Inc. v. Eber-Schmid*, No. 07-CV-0348(BSJ), 2008 WL 11516553, at *7 n.11 (S.D.N.Y. Apr. 21, 2008) ("In New York, corporate officers and directors can be liable for fraud where they personally participate in the fraud, or have actual knowledge of it.").

Noogalights's allegations regarding Glaser's individual participation in the conduct alleged in this action are not particularly strong. To this end, Noogalights inaccurately alleges that Glaser "represented that '**he** tests/reviews' and 'check[s] everything.'" TPC ¶ 14 (emphasis added). In reality, the text message that Third-Party Plaintiff cites states "**[w]e** check everything before it goes to you."[3] *See* Answer

---

[3] As the message is cited and relied upon in the TPC, it is incorporated by reference therein and may be considered in deciding the instant motion. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d

("Ans."), DE [14], Ex. B (emphasis added).  While the difference is minor, the text message does not ascribe sole responsibility for testing and reviewing to Glaser as alleged in the TPC.  Nevertheless, it also does not preclude a finding of Glaser's participation.

At the motion to dismiss stage – whether the correct phrasing of the message is "he," as alleged in the TPC, or "we," as was actually used – there is, at the very least, ambiguity regarding Glaser's personal involvement, which may not be resolved on the pleadings alone.  *Civil Rights Corps. v. Pestana*, No. 21 Civ. 9128(VM), 2022 WL 2118191, at *12 (S.D.N.Y. June 13, 2022) ("A motion to dismiss pursuant to Rule 12(b)(6) is not the proper occasion for the Court to weigh differing interpretations of an exhibit to [a pleading] . . . ."); *Morillo v. JetBlue Airways Corp.*, No. 17-CV-1524(CBA)(RML), 2019 WL 13276891, at *1 (E.D.N.Y. Feb. 7, 2019) (observing that, in deciding a motion to dismiss, the Court "construes any ambiguities in the light most favorable to the plaintiff").

Moreover, Third-Party Plaintiff consistently alleges Glaser's personal involvement in the underlying conduct.  *See* TPC ¶¶ 38, 42, 46, 53-56, 58-60, 63-65, 71-75.  This includes allegations that Glaser recommended circumventing safety measures and failing to make necessary repairs to the lights at issue, *id.* at ¶¶ 25-26,

---

Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Moore v. Hadestown Broadway Ltd. Liab. Co.,* 722 F. Supp. 3d 229, 244 (S.D.N.Y. 2024) ("The Court may . . . consider documents integral to the complaint or incorporated by reference into the complaint on a motion to dismiss under Rule 12(b)(6).").

misleading Noogalights in order to convince it to enter inter into the Agreement, *id.* at ¶¶ 26, 39, 46, failing to warn Noogalights of the danger of equipment he knew to be unsafe, *id.* at ¶¶ 63-65, 71, and, ultimately, causing unsafe equipment to be delivered to Noogalights. *Id.* at ¶ 39. The veracity of these allegations will be addressed in discovery. At the motion to dismiss stage, however, the allegations, accepted as true, support an inference of Glaser's personal involvement. *See Bahnsen v. Town of Brookhaven*, No. 17-CV-4554(SJF)(AYS), 2018 WL 5077167, at *7 (E.D.N.Y. July 31, 2018) ("While Plaintiff's pleading is thin, the Court cannot, at the motion to dismiss stage, determine the factual veracity of his claim . . . ."); *Lepore v. NL Brand Holdings LLC*, No. 16 Civ. 8115(GBD), 2017 WL 4712633, at *6 (S.D.N.Y. Sept. 28, 2017) ("The purpose of this analysis is not for this Court, at this stage in the pleadings, to engage in its own fact discovery or make a final, or even preliminary, determination as to the veracity or validity of Plaintiffs' allegations. That is not the court's role in deciding a motion to dismiss."). Accordingly, discovery related to the third-party claims against Glaser is appropriate and Glaser's motion to dismiss is denied.

## V.    CONCLUSION

For the reasons set forth herein, Glaser's motion to dismiss the Third-Party Complaint is denied. Glaser is instructed to file an answer to the Third-Party Complaint by April 10, 2026.

Dated:    Central Islip, New York          **SO ORDERED**
                 March 11, 2026                     /s/ Steven I. Locke
                                                              STEVEN I. LOCKE
                                                              United States Magistrate Judge

9